UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH SORRENTINO,<br><br>Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.; DR. SALEH OBAISI; DR. ARTHUR FUNK; WARDEN RANDY PFISTER,<br><br>Defendants. | No. 16 C 11064<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Joseph Sorrentino, an inmate in the custody of the Illinois Department of Corrections at Stateville Correctional Center, alleges that Stateville staff and medical service providers violated the Eighth Amendment by their deliberate indifference to a kidney stone he suffered from. *See* R. 49. The Court previously addressed this case in an opinion granting defendant Wexford Health Sources's motion to dismiss Sorrentino's claims against it in the first amended complaint. *See* R. 38. Defendant Warden Randy Pfister answered the first amended complaint rather than seeking its dismissal. *See* R. 31.

After granting Wexford's motion to dismiss, the Court permitted Sorrentino to replead claims against Wexford in a second amended complaint. *See* R. 48. In a reversal of their responses to the first amended complaint, Wexford answered the second amended complaint, *see* R. 52, while Warden Pfister has moved to dismiss

the claims against him for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* R. 50.

In opposition to Warden Pfister's motion, Sorrentino first makes an argument based on procedure. Sorrentino relies on a legal treatise to argue, "The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in a timely fashion prior to the amendment of the pleading." R. 54 at 2 (quoting Wright & Miller, 5C Fed. Prac. & Proc. Civ § 1338 (3d ed.)). On this basis, Sorrentino argues that since his second amended complaint did not change his allegations or claims against Warden Pfister, Warden Pfister's answer to the first amended complaint remains operative. And since the Warden's answer to the first amended complaint remains operative, Sorrentino argues that the Warden's Rule 12 motion to dismiss the second amended complaint improper.

Regardless of whether Warden Pfister's answer to the first amended complaint remains operative, the Warden's motion is properly made. It is true that Rule 12(b) provides that a motion to dismiss for failure to state a claim "must be made before pleading." And it is also true that Rule 12(h)(1) provides that "any defense listed in Rule12(b)(2)-(5)" is waived by failing to "include it in a responsive pleading." But Rule 12(h)(2) provides that a motion to dismiss for failure to state a claim is not waived despite the filing of an answer, but can be made pursuant to Rule 12(c) "[a]fter the pleadings are closed." So whether Warden Pfister should be permitted to move to dismiss under Rule 12(b)(6) is irrelevant, because this motion can simply be styled as a motion under Rule 12(c). "The misstyling does not alter

2

our analysis." *Alioto v. Town of Lisbon*, 651 F3d 715, 718 (7th Cir. 2011) ("The defendants styled them Rule 12(b)(6) motions, but in reality the motions were for judgment on the pleadings, Fed. R. Civ. P. 12(c), because the defendants filed answers.").

Regarding the substance of Sorrentino's claim, Warden Pfister argues that Sorrentino has insufficiently alleged that he was personally involved in Sorrentino's care, *see* R. 50 at 3, which is a necessary allegation to state a claim for deliberate indifference. *See Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011). In opposition, Sorrentino argues that his allegation that Warden Pfister "was personally informed of Mr. Sorrentino's serious medical conditions through several emergency grievances that Mr. Sorrentino submitted in 2015 and 2016 detailing the blood found in his urine and his kidney pain," R. 49 ¶ 21, meets this standard. *See* R. 54 at 5-6. Specifically, Sorrentino alleges that he submitted such grievances dated May 25, 2015; June 15, 2015; November 3, 2015; November 15, 2015; December 30, 2015; February 22, 2016; and August 16, 2016. R. 49 ¶ 21.

The mere fact that a prison official, like a warden, gained knowledge of an inmate's medical condition through grievance communications generally will be insufficient to plausibly allege that the prison official was deliberately indifferent to the inmate's condition. This is because prison officials "will generally be justified in believing that the prisoner is in capable hands," and in "rely[ing] on the expertise of medical personal." *Arnett*, 658 F.3d at 755. However, if the plaintiff can "demonstrate that the communication, in its content and manner of transmission,

3

gave the prison official sufficient notice to alert him or her to an excessive risk to inmate health or safety," then the plaintiff has plausibly alleged a deliberate indifference claim against the prison official. *Id.* In other words, "[n]on-medical defendants cannot simply ignore an inmate's plight." *Id.*

Sorrentino attached his grievance documents to his first amendment complaint, and so the Court properly considers their contents on this motion.[1] Warden Pfister contends that these documents undermine Sorrentino's allegation that Warden Pfister was deliberately indifferent to Sorrentino's medical condition. The Court agrees with the Warden's interpretation of some of these documents. But not all.

First, although neither party notes this fact, Warden Pfister did not become Stateville's warden until November 12, 2015. *See* Illinois Department of Corrections Release, https://www.illinois.gov/IISNews/15-1005-IDOC_Stateville_CC_Release.pdf (last visited Oct. 18, 2017).[2] Thus, he could not have received the grievances dated May 25, 2015, and June 15, 2015. In fact, the grievances were signed by Tarry Williams, Warden Pfister's predecessor. *See* R. 23-1 at 12, 18. For this reason, these

---

[1] Although Sorrentino did not attach the grievance documents to his second amended complaint, he references them in his opposition to Warden Pfister's motion to dismiss, which is currently before the Court. *See* R. 54 at 4. Thus, the Court finds that these documents are part of the "pleadings" properly considered on this motion.

[2] The Court finds that this document, which is publicly available on the Illinois Department of Corrections website, is a "source whose accuracy cannot reasonably be questioned," such that it serves as a basis for the Court to take judicial notice of the fact that Warden Pfister became Stateville's warden on November 12, 2015. *See* Fed. R. Evid. 201(b) ("Kinds of Facts That May Be Judicially Noticed").

4

two grievances cannot serve as a basis to allege Warden Pfister's individual liability based on notice of Sorrentino's condition.

Sorrentino also filed grievances on November 3 and 15, 2015. Although the November 3 grievance was submitted prior to Warden Pfister's start date, he received it after he started and signed it on November 18, 2015. R. 23-1 at 3. He also signed the November 15 grievance on November 25, 2015. R. 23-1 at 5. In those grievances, Sorrentino sought a CT scan that had been prescribed to help diagnose his condition. *Id.* at 4, 6. But Sorrentino's medical records, some of which are also attached to his first amended complaint, show that he received the CT scan on November 19, 2015. *Id.* at 38; *see also* R. 49 ¶ 25 (alleging the Sorrentino received the CT scan in "November 2015"). Assuming Warden Pfister took no action in response to Sorrentino's grievances of November 3 and 25, he was justified in doing so by the fact that Sorrentino received the CT scan that he sought in his grievances. Thus, the November 3 and 15 grievances cannot serve as a basis to plausibly allege that Warden Pfister was deliberately indifferent to Sorrentino's condition.

Similarly, Sorrentino filed a grievance on August 16, 2016, complaining that the temporary stent in Sorrentino's kidney had not been removed. *See* R. 23-1 at 10. Warden Pfister received the grievance on August 24, 2016. *Id.* By that time, Sorrentino's stent had been removed on August 22. *See id.*; *see also* R. 49 ¶ 30 (alleging that the stent was removed "five weeks" after July 12, 2016). By the time Warden Pfister received notice of the stent issue, there was nothing else he could do to address the grievance beyond what the medical professionals already had done.

5

Sorrentino submitted the last two grievances he alleges provided Warden Pfister notice of his condition on December 30, 2015 and February 22, 2016. *See* R. 23-1 at 7, 15. Warden Pfister argues that these grievance documents undermine the plausibility of the allegations against him because they appear to have been sent to the Health Care Unit rather than Warden Pfister, and Warden Pfister did not sign them. *Id.* But further review of the records Sorrentino attached to his first amended complaint shows that they contain additional grievance records with dates that Sorrentino did not specifically mention in his complaint. Warden Pfister signed a document on January 15, 2016 in which Sorrentino complains that he has been experiencing pain and blood in his urine for over a year. R. 23-1 at 17. Then three months later, Warden Pfister signed another document on April 8, 2016. *See* R. 23-1 at 9. Warden Pfister plausibly signed this document in response to Sorrentino's grievance of February 22, 2016, in which he complained that he continued to experience pain and blood in his urine, and that he had not received treatment since November 2015. *Id.* at 7. Considering the seriousness of urinating blood, and the alleged delay in addressing that condition, these documents support the plausibility of Sorrentino's allegation that Warden Pfister was deliberately indifferent to his medical condition.

For these reasons, Warden Pfister's motion to dismiss Sorrentino's claims against him, R. 50, is denied.

ENTERED:

_____
Honorable Thomas M. Durkin
United States District Judge

Dated: October 18, 2017