UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH SORRENTINO,<br><br>  Plaintiff,<br><br>  v.<br><br>WEXFORD HEALTH SOURCES, INC.; GHALIAH OBAISI as independent executor of the ESTATE OF DR. SALEH OBAISI; DR. ARTHUR FUNK; WARDEN RANDY PFISTER,<br><br>  Defendants. | No. 16 C 11064<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Joseph Sorrentino, an inmate in the custody of the Illinois Department of Corrections at Stateville Correctional Center, alleges that the treatment he received for a kidney stone violated the Eighth Amendment. Defendants Wexford Health Sources, the Estate of Dr. Saleh Obaisi, and Dr. Arthur Funk have moved for summary judgment, but defendant Warden Randy Pfister has not. Sorrentino does not oppose summary judgment for Dr. Funk, so Dr. Funk's motion is granted for that reason. The motion is also otherwise granted as to the Estate of Dr. Obaisi, Wexford, and the Warden for the following reasons.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317,

322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). To defeat summary judgment, a nonmovant must produce more than a "mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 894, 896 (7th Cir. 2018). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## Analysis

It is undisputed that Sorrentino suffered from kidney stones. It is also undisputed that Defendants provided Sorrentino with a course of treatment for the kidney stones, eventually culminating in surgery. Sorrentino claims, however, that delays in his treatment constituted deliberate indifference.

To survive summary judgment on a claim that delay in treatment constituted deliberate indifference, the plaintiff must produce "verifying medical evidence" that the delay in treatment "exacerbated the injury or unnecessarily prolonged pain." *Wilson v. Adams*, 901 F.3d 816, 822 (7th Cir. 2018). "Unnecessarily prolonged pain" means that the delay in treatment caused the plaintiff to suffer "serious but avoidable pain." *Gabb v. Wexford Health Sources, Inc.*, 2019 WL 2498640, at *4 (7th Cir. June 17, 2019). "While expert testimony could be used as 'verifying medical evidence,'

medical records alone could suffice." *Miranda v. County of Lake*, 900 F.3d 335, 347 (7th Cir. 2018).

The Seventh Circuit has reversed summary judgment for jail staff and medical providers when a plaintiff presents evidence that he experienced serious pain and the staff neglected to provide treatment in a timely fashion that would have avoided that pain. *See Berry v. Peterman*, 604 F.3d 435, 442 (7th Cir. 2010) ("The delay in this case, however, was neither minimal nor justified by [the plaintiff's] status as a prisoner. [The Plaintiff] was forced to endure nearly two months of serious [tooth] pain despite the availability of an obvious treatment—a simple dentist visit [and root canal.]"); *Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007) ("The medical records indicate that the nitroglycerin almost immediately relieved his pain and lowered his blood pressure, so a jury could find that the defendants' delay caused Williams six extra hours of pain and dangerously elevated blood pressure for no good reason."). Sorrentino has presented evidence that he sometimes waited months for follow-up on medical treatment orders. And the Court assumes that it cannot be disputed that kidney stones cause pain. But unlike *Berry v. Peterman* and *Williams v. Liefer*, the evidence in this case indicates that Sorrentino was never suffering serious pain. Rather, Sorrentino's testimony, the testimony of the doctors who treated him, and the medical records indicate that that Sorrentino suffered moderate, occasional pain. *See* R. 110 at 9 (¶ 48) (Sorrentino admits that he had "occasional pain in right flank"); R. 105-1 at 10 (37:10-11) (Sorrentino testified that there were "intervals of time" with no pain); R. 105-1 at 11 (38:14-15) (Sorrentino testified that there were "periods of

time where the pain . . . wasn't remarkable"); R. 105-1 at 16 (61:11-12) (Sorrentino testified that "sometimes [the pain] would be gone for a few days, and I would feel fine").

One might think that like the rotting tooth and chest pain at issue in *Berry* and *Williams*, a kidney stone should be treated in a similarly immediate fashion. But Sorrentino has not presented medical records, such as a doctor's orders, (or any other evidence) showing that time was of the essence in treating his condition. To the contrary, the urologist to whom Defendants referred Sorrentino for treatment—Dr. Sawhney (who is not a Wexford employee and not a defendant in this case)—testified that he waited to prescribe surgery until it became clear to him that Sorrentino's kidney stone would not pass on its own, which would be preferable to surgery. *See* R. 105-5 at 7 (24:22–26:11), 21 (78:21–79:12), 22 (82:20–83:5). Sorrentino has not presented any evidence questioning Dr. Sawhney's medical judgment that the best course of treatment for Sorrentino was to wait and see if the kidney stones passed without the risks inherent in surgery. Since Dr. Sawhney's testimony about the reasons for his treatment stands unchallenged with contrary evidence, the delay in treatment alone is not evidence of deliberate indifference.

Furthermore, for a reasonable jury to be able to find that a defendant unnecessarily prolonged a plaintiff's pain, the plaintiff must produce evidence that a course of treatment existed that would have provided relief; in other words, that the pain was "avoidable." *Gabb*, 2019 WL 2498640, at *4. The Seventh Circuit has affirmed summary judgment when plaintiffs fail to meet this burden. *See id.* ("[The

plaintiff] has no evidence that *any* course of treatment, be it as simple as referral to a chiropractor or as involved as surgery at the finest hospital in Illinois, would have provided him any relief from his chronic back pain.") (emphasis in original); *Petties v. Carter*, 836 F.3d 722, 733 (7th Cir. 2016), *as amended* (Aug. 25, 2016) (holding that the plaintiff could not pursue his claim against the prison doctor for failing "to explore surgery as an option" in part because the plaintiff "did not produce medical evidence confirming that he would have benefited from surgery").

Sorrentino has not presented evidence that any treatment would have addressed his pain.[1] Sorrentino contends, and Dr. Sawhney's testimony corroborates, that Sorrentino suffered from pain in his right flank (the area between the bottom rib and hip) and traces of blood in his urine. Sorrentino and his doctors believed that these symptoms were due to Sorrentino's kidney stone. And, as noted, the Court assumes that kidney stones cause pain. But Sorrentino testified at his deposition that he continues to suffer from the same pain in his side and blood in his urine after the surgery to remove the kidney stone. *See* R. 105-1 at 22 (82:10–83:12), 23 (87:11-20). Maybe Defendants' delay in providing surgery reduced its effectiveness. But there is no evidence of this. The only evidence before the Court is that Sorrentino experienced moderate pain and trace amounts of blood in his urine, which Dr. Sawhney eventually determined required surgery. But the surgery did not alleviate Sorrentino's symptoms. If the surgery had alleviated Sorrentino's symptoms, that might have been

---

[1] Pain is the only form of exacerbation Sorrentino alleges; he does not allege any other form of exacerbation, i.e., permanent damage to his kidney, etc.

5

sufficient evidence for a jury to find that the delay in providing this relief constituted deliberate indifference (assuming that the delay was avoidable, an issue the Court need not reach). But that did not happen, and Sorrentino has not provided any other evidence that the delays he has identified in his treatment exacerbated his condition or prolonged his pain. Without such evidence, a reasonable jury could not find in his favor, and summary judgment must be granted to Defendants.[2]

## Conclusion

Therefore, the motion for summary judgment made by the Estate of Dr. Obaisi, Dr. Funk, and Wexford [103] is granted. Additionally, because the Court finds that Sorrentino has not produced evidence sufficient for a reasonable jury to find that the delays in his treatment constituted deliberate indifference, the same must also be true for Sorrentino's claim against the Warden. For that reason, the Court grants summary judgment to the Warden, despite the Warden's failure to file a motion. If Sorrentino objects to the grant of summary judgment in the Warden's favor (or any other aspect of this opinion and order), he should file a motion to reconsider within the 28 days provided by Federal Rule of Civil Procedure 59(e).

The Court grants this motion without considering the opinions of Dr. Obaisi or Dr. Sawhney as to the reasonableness of their conduct, which they offered during their deposition testimony. Defendants relied on this testimony in their brief.

---

[2] The same reasoning is true for the two-week delay in removing the stent from Sorrentino's kidney that had been implanted during surgery. There is simply no evidence that this delay caused Sorrentino pain or that the delay in removal prolonged any pain.

6

Sorrentino argues that this reliance was inappropriate considering the parties' agreement to defer expert discovery until after this motion was decided. But even absent that agreement, Dr. Obaisi and Dr. Sawhney are fact witnesses in this case, and thus are not qualified to offer opinions as to the reasonableness of their own conduct. So the Court disregarded their opinions.

In his brief, Sorrentino sought the opportunity to take expert discovery, if the Court had been inclined to rely on the opinions of Dr. Obaisi and Dr. Sawhney. Since the Court has not relied on their opinions, Sorrentino is not entitled to expert discovery. If either party believed that expert reports and testimony would have benefited their case, they should not have agreed to defer it and should have presented it on this motion. Agreement to proceed on this motion without expert discovery could only have been based on the understanding that the Court might grant the motion, making further discovery moot.

ENTERED:

_Thomas M Durkin_
Honorable Thomas M. Durkin
United States District Judge

Dated: October 4, 2019